UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIKA STEINMETZ<br>730 24TH Street, NW<br>Apartment 205<br>Washington, D.C. 20037<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>PITNEY BOWES, INC.<br>One Elmcroft Road<br>World Headquarters<br>Stamford, Connecticut 06926-0700<br><br>　　Serve: CT Corporation<br>　　　　　1015 Fifteen Street, N.W.<br>　　　　　Suite 1000<br>　　　　　Washington, D.C. 20005<br><br>　　　　and<br><br>GEORGE GARFIELD GIBBS<br>5297 Heathsville Road<br>Enfield, North Carolina 27823-8775<br><br>　　Serve: George Garfield Gibbs<br>　　　　　5297 Heathsville Road<br>　　　　　Enfield, North Carolina<br>　　　　　　27823-8775<br><br>　　　　Defendants. | Case No._____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PERSONAL INJURY**

1.　Plaintiff Erika Steinmetz, by counsel, brings this action seeking damages for personal injury arising from a collision caused by Defendant and Defendant's agent, whose van struck her when she was walking in a pedestrian crosswalk.

## JURISDICTION AND VENUE

2. Diversity jurisdiction over the subject matter of this case arises under 28 U.S.C. § 1332(a)(1). Plaintiff is of diverse citizenship from the Defendants. Plaintiff is a citizen of the District of Columbia. Defendant Pitney Bowes, Inc., has its principal place of business in the State of Connecticut and is incorporated in the State of Delaware, and therefore is a citizen of either of those states. Defendant George Garfield Gibbs, an employee of Defendant Pitney Bowes at the time of the collision set forth herein, is a citizen of the State of North Carolina. The amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

3. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2). The negligent acts committed by the Defendants occurred in the District of Columbia.

## THE PARTIES

4. Plaintiff Erika Steinmetz ("Steinmetz") is a citizen of the District of Columbia and currently resides at 730 24th Street, N.W., Apartment 205, Washington, D.C. 20037.

5. Defendant Pitney Bowes Inc., ("Pitney Bowes"), a Delaware corporation, is headquartered in the State of Connecticut and is a citizen of both states.

6. Defendant George Garfield Gibbs ("Gibbs"), a citizen of North Carolina, was an employee of and driver for Defendant Pitney Bowes at the time of the injury set forth below.

## **FACTS**

7. On or about April 11, 2003 at about 7:10 a.m., Steinmetz was walking toward the Foggy Bottom Metro Stop in Washington, D.C., and was on her way to work.

8. On or about April 11, 2003, Pitney Bowes had a contract with the George Washington University ("University") to manage and conduct its mail service for the University. Gibbs, an employee of Pitney Bowes, was operating a Pitney Bowes van and had been delivering mail at Ross Hall loading dock at 2300 I Street, N.W., Washington, D.C.

9. After Gibbs exited the loading dock that morning, he proceeded southbound on 24th Street, N.W., Washington, D.C., to make a left turn onto H Street, N.W., in Washington, D.C. At approximately 7:10 a.m., Gibbs negligently failed to stop for a stop sign and failed to give the right of way to Steinmetz, who was in the pedestrian crosswalk. Gibbs' van struck Steinmetz on the left side of her face. As she fell to the ground, the van ran over Steinmetz's right leg, hitting her a second time, and fracturing her tibia.

10. On or about April 11, 2003, Gibbs was issued two citations by Officer Frick for "failure to yield to a pedestrian in a crosswalk" (Citation Number: 986420131) and "for colliding with a pedestrian" (Citation Number: 986420120). Gibbs paid these tickets on or about May 8, 2003 at the District of Columbia Traffic Adjudication.

11. Since being struck and run over, Steinmetz has had three operations on her right leg and foot, a metallic rod inserted in her leg, sustained permanent scarring on her leg and face, and experienced pain and suffering, and distress regarding her recovery. On information and belief, Steinmetz will undergo more surgery for the pain she is still

experiencing in her right leg and knee, which arises from the collision, and will have permanent injury to her right leg and knee.

## COUNT I
### (Negligence-Gibbs)

12.   Plaintiff incorporates and repeats each of the allegations set forth in Paragraphs 1 through 11 of this Complaint as if set forth fully herein.

13.   On or about April 11, 2003, Gibbs negligently breached his duty of care towards Steinmetz, who was in good health, by failing to maintain a clear distance between the van and Steinmetz, who as a direct and proximate result of Gibbs' breach, suffered and continues to suffer physical injury, pain and suffering, and emotional distress.

## COUNT II
### (*Respondeat Superior*-Pitney Bowes)

14.   Plaintiff incorporates and repeats each of the allegations set forth in Paragraphs 1 through 13 above.

15.   On or about April 11, 2003, and all times relevant herein, Gibbs was acting within the scope of his employment with Pitney Bowes.

16.   As a direct and proximate result of Gibbs' negligence, as aforesaid, Defendant Pitney Bowes is liable and responsible under the doctrine of *respondeat superior* for Steinmetz's physical injuries, pain and suffering and emotional distress.

## COUNT III
### (Negligence *Per Se*-Gibbs)

17.   Plaintiff incorporates and repeats each of the allegations set forth in Paragraphs 1 through 16 above.

4

18. On or about April 11, 2003, said negligence of Gibbs, who failed to maintain an assured clear distance from the pedestrian crosswalk and struck Steinmetz, and thereby violated District of Columbia Municipal Regulations ("DCMR") Title 18, Section 2300.2, and was therefore negligent *per se*.

19. In accordance with the traffic laws of the DCMR, Gibbs was required to adhere to this rule, which is designed to promote safety. Steinmetz was, under this regulation, an intended member of protected class of persons; her injury resulted from the risk against which the regulations were designed to protect; and Gibbs' acts in violating the aforesaid traffic laws actually caused Steinmetz's physical injuries, pain and suffering, and emotional distress.

## COUNT IV
(Negligence *Per Se*-Pitney Bowes)

20. Plaintiff incorporates and repeats each of the allegations set forth in Paragraphs 1 through 19 above.

21. On or about April 11, 2003, and all times relevant herein, Gibbs was acting within the scope of his employment with Pitney Bowes.

22. Gibbs' negligence *per se*, as aforesaid, is imputed and attributable to Pitney Bowes, who is liable and responsible under the doctrine of *respondeat superior* for Steinmetz's physical injuries, pain and suffering, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Erika Steinmetz prays that this Court provide the following relief:

      A.      Compensatory damages for past, present and future medical expenses and for pain and suffering and distress in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00).

      B.      Reasonable attorney's fees and costs incurred bringing and maintaining this action against Defendants; and

      C.      Such other and further relief that the Court may deem just and appropriate under the circumstances.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_/s/ Stephen C. Leckar_

Stephen C. Leckar, Bar # 281691
Butera & Andrews
1300 Pennsylvania Ave., NW
Suite 500
Washington, DC 20004
(202) 347-6875

Of counsel:
Rozann Stayden, Bar 424279
450 Massachusetts Avenue, NW
Suite 821
Washington, DC 20004
(202) 898-0465

Attorney for Plaintiff Erika Steinmetz

Dated: March 30, 2006