IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIKA STEINMETZ | * |
| Plaintiff | * |
| v. | * Case No.: 1:06cv00590 |
| PITNEY BOWES, INC., et al., | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER OF DEFENDANTS, PITNEY BOWES, INC. AND GEORGE GARFIELD GIBBS, TO PLAINTIFF'S COMPLAINT

Defendants, Pitney Bowes, Inc. and George Garfield Gibbs, (hereinafter referred to as "Defendants"), by their attorneys, Jo Anna Schmidt and Schmidt, Dailey & O'Neill, LLC, hereby file this Answer to the Plaintiff's Complaint stating as follows:

1. Defendants acknowledge that Plaintiff, through counsel, has filed this action seeking damages for personal injuries stemming from a collision involving a van being operated by Defendant, George Garfield Gibbs, in the course and scope of his employment with the Defendant, Pitney Bowes, Inc. Defendants deny the truth of the averments and/or allegations contained in Paragraph 1.

### JURISDICTION AND VENUE

2. Defendants do not have information sufficient to admit and/or deny the allegations and/or averments relating to Plaintiff's citizenship. Defendants admit that Pitney Bowes, Inc. has its principal place of business is located in the State of Connecticut and that the place of incorporation is the State of Delaware. Defendants further admit that George Garfield Gibbs was an employee of Pitney Bowes, Inc. at the time of the subject collision and is currently

a citizen of the State of North Carolina. Defendants deny the remainder of the allegations and/or averments contained in Paragraph 2 of Plaintiff's Complaint.

    3.    Defendants admit the allegations and/or averments contained in Paragraph 3 of Plaintiff's Complaint.

### THE PARTIES

    4.    Defendants do not have information sufficient to admit and/or deny the allegations and/or averments contained in Paragraph 4 of Plaintiff's Complaint; therefore, said allegations and/or averments are denied.

    5.    Defendants admit that Pitney Bowes, Inc. is a Delaware corporation and is headquartered in the State of Connecticut. Defendants deny the remainder of the allegations and/or averments contained in Paragraph 5 of Plaintiff's Complaint.

    6.    Defendants admit that George Garfield Gibbs is currently a citizen of the State of North Carolina and was an employee driver for Pitney Bowes, Inc. at the time of the subject accident.

### FACTS

    7.    Defendants do not have information sufficient to admit and/or deny the allegations and/or averments contained in Paragraph 7 of Plaintiff's Complaint; therefore, said allegations and/or averments are denied.

    8.    Defendants admit the allegations and/or averments contained in Paragraph 8 of Plaintiff's Complaint.

    9.    Defendants admit that after exiting the loading dock on the morning of April 11, 2003, Defendant Gibbs drove southbound on 24th Street, N.W., Washington, D.C., to make a left turn onto H Street, N.W., in Washington, D.C... Defendants further admit that in the course of

operating a Pitney Bowes, Inc. van, Defendant Gibbs struck the Plaintiff, a pedestrian. As framed, the Defendants deny the remainder of the allegations and/or averments contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations and/or averments contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants do not have information sufficient to admit and/or deny the allegations and/or averments contained in Paragraph 11 of Plaintiff's Complaint; therefore, said allegations and/or averments are denied.

## COUNT I
### (Negligence-Gibbs)

12. Paragraph 12 of Plaintiff's Complaint does not seek an admission or denial. Defendants, however, incorporate by reference herein all responses previously outlined in Paragraphs 1 through 11 above.

13. Defendants deny the allegations and/or averments contained in Paragraph 13 of Plaintiff's Complaint; therefore, said allegations and/or averments are denied.

## COUNT II
### (*Respondeat Superior*-Pitney Bowes)

14. Paragraph 14 of Plaintiff's Complaint does not seek an admission or denial. Defendants, however, incorporate by reference herein all responses previously outlined in Paragraphs 1 through 13 above.

15. Defendants admit the allegations and/or averments contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit that Pitney Bowes, Inc. would be responsible, under the theory of *respondeat superior*, for any negligent acts committed by George Garfield Gibbs in the course

and scope of his employment with Pitney Bowes, Inc., and further admit that Gibbs was acting as Pitney Bowes, Inc.'s agent, servant, and/or employee at the time of the subject accident. Defendants deny the remainder of the allegations and/or averments contained in Paragraph 16 of Plaintiff's Complaint.

## COUNT III
### (Negligence *Per Se*-Gibbs)

17. Paragraph 17 of Plaintiff's Complaint does not seek an admission or denial. Defendants, however, incorporate by reference herein all responses previously outlined in Paragraphs 1 through 16 above.

18. Defendants deny the allegations and/or averments contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations and/or averments contained in Paragraph 19 of Plaintiff's Complaint.

## COUNT IV
### (Negligence *Per Se*-Pitney Bowes)

20. Paragraph 20 of Plaintiff's Complaint does not seek an admission or denial. Defendants, however, incorporate by reference herein all responses previously outlined in Paragraphs 1 through 19 above.

21. Defendants admit the allegations and/or averments contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants admit that Pitney Bowes, Inc. would be responsible, under the theory of *respondeat superior*, for any negligent acts committed by George Garfield Gibbs in the course and scope of his employment with Pitney Bowes, Inc... Defendants deny the remainder of the allegations and/or averments contained in Paragraph 22 of Plaintiff's Complaint.

Defendants deny the allegations and/or averments contained in Paragraph 22 of Plaintiff's Amended Complaint.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff's Complaint fails to state claim upon which relief can be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over this claim.

### THIRD DEFENSE

This Court lacks jurisdiction over the person of each of the Defendants named herein.

### FOURTH DEFENSE

The cause of action asserted by the Plaintiff did not accrue within the applicable statute or statutes of limitations.

### FIFTH DEFENSE

The Defendants affirmatively assert that the injuries and/or damages allegedly sustained by the Plaintiff were caused by the sole, concurring or contributory negligence of the Plaintiff.

### SIXTH DEFENSE

The Defendants affirmatively assert that Plaintiff assumed the risk of her injuries and/or damages.

### SEVENTH DEFENSE

Assuming negligence or other wrongdoing on the part of these Defendants, all of which alleged wrongs are specifically denied, any such conduct on the part of these Defendants was not the proximate cause of Plaintiff's alleged injuries or damages, but Plaintiff's alleged injuries

and/or damages were the result of prior and/or subsequent conditions or occurrences for which these Defendants are not responsible.

### EIGHTH DEFENSE

Assuming negligence or other wrongdoing on the part of these Defendants, all of which alleged wrongs are specifically denied, any such conduct on the part of these Defendants was not the proximate cause of Plaintiff's alleged injuries or damages, but Plaintiff's alleged injuries and/or damages were the result of superseding and/or intervening causes.

### NINTH DEFENSE

The Defendants intend to rely on all legal and factual defenses not heretofore mentioned, including by not limited to: absence of legal duty; absence of primary negligence; lack of proximate cause; intervening or superseding cause; laches; nonjoinder; misjoinder; lack of personal jurisdiction; improper venue; and *forum non conveniens*.

### TENTH DEFENSE

The Plaintiff's claimed damages are excessive and Plaintiff has failed to mitigate her damages.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants, Pitney Bowes, Inc. and George Garfield Gibbs, respectfully pray that Plaintiff's Complaint be dismissed with costs to be adjudged against the Plaintiff, or for such other and further relief as this Court may deem just and proper.

_____
Jo Anna Schmidt, # 449094
Schmidt, Dailey & O'Neill, LLC
231 East Baltimore Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-1296

*Attorney for Defendants, Pitney Bowes, Inc
and George Garfield Gibbs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___ day of June, 2006, I mailed a copy of the foregoing Answer to Complaint, first-class mail, postage prepaid to:

Rozann Stayden, Esquire
450 Massachusetts Avenue, N.W.
Suite 821
Washington, D.C. 20004

Stephen C. Leckar, Esquire
Butera & Andrews
1300 Pennsylvania Avenue, N.W.
Suite 500
Washington, D.C. 20004

_____
Jo Anna Schmidt