UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIKA STEINMETZ ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.06-CV -00590-CKK |
| ) | |
| PITNEY BOWES, INC., *et al* ) | |
| ) | |
| Defendant ) | |

**LCVR 16.4(d) Report**

Pursuant to Local Civil Rule 16.4 the parties submit the following Proposed Scheduling Order, in accordance with their June 16, 2006, Meet and Confer Conference.

1. Whether the case is likely to be disposed of by dispositive motion; and whether if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

   Response: Defendants will stipulate to agency. The parties preliminarily agree, without prejudice to further consideration and solely for purposes of this report, that liability may be undisputed. If early ADR (see below) proves unfruitful, then the parties will explore whether a stipulation governing liability can be reached. If not, Plaintiff would seek a partial summary judgment on liability.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual issues can be agreed upon or narrowed.

   Response: The parties suggest 90 days after ADR.

3. Whether the case should be assigned to a magistrate judges for all purposes, including trial.

   Response: The parties recognize the excellent quality of the Court's Magistrate Judges but would prefer trial before the District Judge.

4. Whether there is a realistic possibility of settling the case.

   Response: The parties recently have had some specific discussion of this issue. We feel that common ground may be possible and recommend early mediation.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR): what related steps should be taken to facilitate ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

   (i)   the client's goal in bringing or defending the litigation;

   (ii)  whether settlement talks have already occurred and if so, why they did not produce an agreement;

   (iii) the point during the litigation when ADR would be the most appropriate, with special consideration given to:

   (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

   (bb) whether ADR should take place before or after the judicial resolution of the key legal issues;

   (iv)  whether the parties would benefit from a neutral evaluation of their case, which would include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or potential settlement value of the case;

   (v)   whether cost savings or other practical advantages would flow from a stay of discovery or other pre-trial proceedings while an ADR process is pending;

   Response: The parties request the matter be referred to the Court's mediation program at this time. We ask that the Court consider requesting the program administrator to appoint a mediator with experience in personal injury litigation.

6. Whether the case can be resolved by a motion for summary judgment or a motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions;

   Response: The parties agree that the case could not be resolved *in toto* via a summary judgment motion. Plaintiff feels that the issue of liability could be resolved via partial summary judgment, if Defendants opt not to stipulate to liability. The deadline for filing such motion could be set as 10 days after the close of discovery.

7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures;

   Response: The parties would prefer to do so. We agreed to identify witnesses known to us. Plaintiff has shared with Defendants all medical records in her possession – and previously provided them with a medical release. We also will promptly provide them with photographs of the accident scene and pictures of Plaintiff's scarring resulting from the accident at issue. They have represented that there are no statements or photographs in their possession. All parties have copies of reports from the D.C. Metropolitan Police and George Washington University Police.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.

   Response: The parties believe that discovery could be completed within 150 days after the completion of early ADR, should that prove unproductive. Defendants would depose Plaintiff and may depose her primary care surgeons, as well as designating an expert to conduct an Independent Medical Examination of Plaintiff. Plaintiff would wish to depose that expert, as well as Defendant Gibbs, who lives in North Carolina.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(1), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

   Response: Plaintiff would wish to receive Defendants' Rule 26(a)(1), F.R.Civ.P., report 45 days before the close of discovery and then depose their expert. Defendants wish to depose Plaintiff's treating physicians and request that any reports regarding future treatment, permanency, etc., be provided in sufficient time for deposition prior to the close of discovery. Plaintiff agrees to this request.

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion and opposition and reply and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

    Response: Not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation;

    Response: We agree that there is no need to do this.

12. The date for the pre-trial conference (understanding that a trial will take place 30 to 60 days thereafter).

    Response: 60 days after the close of discovery.

13. Whether the court should set a firm date at the first scheduling conference or should provide that a trial will be set at the pretrial conference from 30 to 60 days from that conference.

    Response: We suggest 60 days after the close of discovery.

14. Such other matters that the parties believe may be appropriate for inclusion in the scheduling order.

    Response: None foreseen at this time. Plaintiff notes that she has advised Defendants of concerns with the terseness of their affirmative defenses. Defendants disagree, but, given the status of negotiations, the parties prefer to defer this matter for the moment. If the Court refers this case to mediation, then this issue ultimately may be mooted.

                                        Respectfully submitted,

    /s/                                 /s/
Stephen C. Leckar, Bar # 281691     Jo Anna Schmidt, Bar #449094
Butera & Andrews                    Schmidt, Dailey & O'Neill, LLC
1301 Pennsylvania Ave., NW          231 East Baltimore Street
Suite 500                           Suite 1400
Washington, DC 20004                Baltimore, Maryland 21202
(202) 347-6875                      (410) 783-1296

                                    Attorney for Defendants

Of counsel:
Rozann Stayden, Bar # 424279
450 Massachusetts Avenue, NW
Suite 821
Washington, DC 20004
(202) 898-0465

Attorneys for Plaintiff

.

                                    Dated:  June 21, 2006